## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JEFFREY KLEIN,** | : | **CIVIL ACTION** |
| **BRETT BIRDWELL,** | : | |
| **Plaintiffs** | : | |
| | : | |
| **v.** | : | **NO. 04-955** |
| | : | |
| **NATIONAL RAILROAD** | : | |
| **PASSENGER CORP.,** | : | |
| **NORFOLK SOUTHERN CORP.,** | : | |
| **Defendants** | : | |

### MEMORANDUM

**STENGEL, J.**                                                                    **February 9, 2006**

On January 11th, 2006, defendants National Railroad Passenger Corp. ("Amtrak")

and Norfolk Southern Corporation filed a motion to compel plaintiff Jeffrey Klein to

submit to a psychiatric examination.  For the reasons described below, I will deny the

motion.

## I.      BACKGROUND

Two seventeen year old males sustained severe electrocution injuries after

climbing to the top of a freight railcar.  The plaintiffs argue that the defendants were

negligent for keeping the electricity running to the railcar "live," and for failing to

provide adequate warnings.  Plaintiffs contend that this case is governed by the liability

standard in the Restatement (Second) of Torts § 339 because they were minors when the

accident occurred.  See Dugan v. Pa. R.&R. Co., 387 Pa. 25, 31 (Pa. 1956) (Supreme

Court approved and adopted section 339 of the Restatement (Second) of Torts as

Pennsylvania law).  One element of § 339 is that "because of their youth [plaintiffs did]

not discover the [highly dangerous artificial] condition or realize the risk involved in

intermeddling with it or in coming within the area made dangerous by it."  Restatement

(Second) § 339(c).

Defendants contend that § 339 does not apply, and that plaintiffs should be treated

as adults because they were nearly 18 at the time of the accident.  Defendants base this

argument on plaintiffs' age, knowledge, maturity, and judgment that defendants contend a

male of age 17 has or should have.

Plaintiffs will present testimony, and have submitted reports from Ruben C. Gur,

Ph.D.  In these reports, Dr. Gur states that because Mr. Klein had not reached 21 years of

age, it is unlikely his brain had matured sufficiently to allow him to restrain his impulses

to explore new things.  Dr. Gur never examined Mr. Klein.  Dr. Gur's opinions address

the maturation process of adolescent males in a general context.

## II.     STANDARD of REVIEW

The court has discretion to order a physical or mental examination for "good cause

shown."  The Federal Rules provide:

> (a) Order for Examination.  When the mental or
> physical condition (including the blood group) of a party or of
> a person in the custody or under the legal control of a party, is
> in controversy, the court in which the action is pending may
> order the party to submit to a physical or mental examination
> by a suitably licensed or certified examiner or to produce for
> examination the person in the party's custody or legal control.
> The order may be made only on motion for good cause shown

and upon notice to the person to be examined and to all
parties and shall specify the time, place, manner, conditions,
and scope of the examination and the person or persons by
whom it is to be made.

Fed. R. Civ. P. 35(a).

"The in controversy and good cause requirements are not met by mere conclusory allegations of the pleadings." Bowen v. The Parking Auth. of the City of Camden, 214 F.R.D. 188, 191-92 (D.N.J. 2003) (citing Schlagenhauf v. Holder, 379 U.S. 104, 118 (1964)).  A movant must make an "affirmative showing . . . that each condition as to which the examination is sought is really and genuinely in controversy and that good cause exists for ordering each particular examination." Id.  A "plaintiff in a negligence action who asserts mental or physical injury. . . places that mental or physical injury in controversy and provides defendant with good cause for an examination to determine the existence and extent of such asserted injury." Schlagenhauf, 379 U.S. at 119.

## III.   DISCUSSION

In this case, the defendants contend that the plaintiffs have placed Mr. Klein's mental condition at issue because Dr. Gur's reports claim (1) that people who have suffered traumatic injuries similar to Mr. Klein's will also generally suffer memory loss, and (2) that a male under the age of 21 will generally have less than a fully mature brain. Dr. Gur is not a treating physician.  He is not testifying as to an injury or condition caused by the accident.  Dr. Gur's testimony is not dependent on his personal examination or assessment of Mr. Klein's mental or physical status.

3

Considering Dr. Gur only describes neurological disorders in general terms, has not evaluated Mr. Klein, and has stated that an actual evaluation geared towards finding out whether Mr. Klein's brain was fully mature at the time of the accident would be impossible, I find the defendants have failed to meet their burden of providing this court with good cause.  Mr. Klein's mental condition has not been put in issue by two of Dr. Gur's three reports.  The plaintiffs are not intending to use the reports to prove that Mr. Klein suffered a mental injury as a result of the accident, or as direct evidence that Mr. Klein's brain was not mature enough at the time of the accident to fully appreciate all of the risks involved.  Rather, the plaintiffs are using Dr. Gur's testimony to show generally that a 17-year-old male's brain is immature, and a victim of a traumatic event may suffer some memory loss.  This evidence goes towards meeting the liability standard involved in section 339 of the Second Restatement of Torts and explaining Mr. Klein's testimony regarding the incident.

I find Dr. Gur's two reports fail to establish the good cause necessary to order a psychiatric examination.  I will deny the motion to compel.  An appropriate order follows.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JEFFREY KLEIN, | : | CIVIL ACTION |
| BRETT BIRDWELL, | : | |
| Plaintiffs | : | |
| | : | |
| v. | : | NO. 04-955 |
| | : | |
| NATIONAL RAILROAD | : | |
| PASSENGER CORP., | : | |
| NORFOLK SOUTHERN CORP., | : | |
| Defendants | : | |

**ORDER**

 **AND NOW**, this 9th day of February, 2006, upon consideration of the defendants'

Motion to Compel Plaintiff Jeffrey Klein to Submit to a Psychiatric Examination (Docket

# 42), it is hereby **ORDERED** that the Motion is **DENIED**.

 BY THE COURT:


 s/ Lawrence F. Stengel
 LAWRENCE F. STENGEL, J.