IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JEFFREY KLEIN,** | : | **CIVIL ACTION** |
| **BRETT BIRDWELL,** | : | |
|     **Plaintiffs** | : | |
| | : | |
| v. | : | **NO. 04-955** |
| | : | |
| **NATIONAL RAILROAD** | : | |
| **PASSENGER CORP.,** | : | |
| **NORFOLK SOUTHERN CORP.,** | : | |
|     **Defendants** | : | |

## MEMORANDUM

**STENGEL, J.**                                                                                    July 13, 2006

On March 31, 2006, this court issued a Memorandum and Order denying defendant National Railroad Passenger Corp.'s ("AMTRAK's") motion for summary judgment while refraining from ruling upon defendant Norfolk Southern Corp.'s ("Norfolk Southern's") similar motion. Now, for the reasons set forth below, I will grant Norfolk Southern's motion for summary judgment and dismiss all of plaintiffs' claims against it.

**I.   BACKGROUND**

The facts and procedural history of this case remain the same as described in the court's March 31, 2006, Memorandum and Order. Klein v. AMTRAK, No. 04-cv-955, 2006 U.S. Dist. LEXIS 15331, at * 1-7 (E.D. Pa. 2006).

Although that March 31, 2006, memorandum briefly addressed Norfolk Southern's summary judgment arguments, the court refrained from ruling upon the motion until after

Norfolk responded to plaintiffs' arguments regarding the applicability of § 386 of the RESTATEMENT (SECOND) OF TORTS. Norfolk Southern has filed its response, and consistent with its motion for summary judgment, continues to argue that it can not be held liable for breaching a duty owed to trespassers because it did not own the land, or under the attractive nuisance theory of § 339 of the RESTATEMENT (SECOND) TORTS. Furthermore, Norfolk argues § 386 of the RESTATEMENT (SECOND) TORTS only provides liability against entities that retain control over the condition causing the injury.

**II.   DISCUSSION**

Section 386 provides:

> Persons Other Than Possessor, Members of His Household, and Those Acting on His Behalf Who Create Dangerous Condition
>
> Any person, except the possessor of land or a member of his household or one acting on his behalf, who creates or maintains upon the land a structure or other artificial condition which he should recognize as involving an unreasonable risk of physical harm to others upon or outside of the land, is subject to liability for physical harm thereby caused to them, irrespective of whether they are lawfully upon the land, by the consent of the possessor or otherwise, or are trespassers as between themselves and the possessor.

RESTATEMENT (SECOND) OF TORTS § 386 (1965).

As applied to this case, the plaintiffs contend that the "person" referenced in the statute is Norfolk Southern and the "structure" or "artificial condition" is the Norfolk Southern laddered railcar. However, the plaintiffs do not explain how Norfolk Southern

2

either "created" or "maintained" the dangerous condition.  According to the evidence presented, AMTRAK chose where to park the cars, controlled the catenary wires, and decided when the trains would be moved.  There is no genuine issue of material fact as to which defendant maintained and controlled the artificial condition.  The plaintiffs' motion cites two Pennsylvania cases applying § 386 to help solidify their arguments, neither is applicable.

In <u>Reichenvalder v. Borough of Taylor</u>, 185 A. 270 (Pa. 1936), the defendant's employees were doing road work on public roads with a road scrapper.  This machine fascinated the neighborhood children who followed the scrapper while it was being used.  At the end of the work day, the defendant's employees left the road scrapper in a vacant lot close to the street.  The court found that the employees were trespassing by leaving the scrapper on the vacant lot as the lot owner neither knew of, nor consented to the scrapper's presence.  Later that night, several of the children began to play on the machine and the seven year old plaintiff was then injured when his hand got caught in one of the scrapper's cogs.  The court found that the defendant alone was in control of the dangerous condition while the owner of the land was not involved.  Unlike in the present case, in <u>Reichenvalder</u> the condition of the lot was not a factor, only the scrapper caused the damage.[1]

---

[1] Although, the <u>Reichenvalder</u> court applied the First Restatement, § 386 of the First and Second Restatements are substantially similar.

In McWhite v. Philadelphia Gas Works, 27 Phila. Co. Rptr. 1 (C.C.P. Phila. Co. 1993), a sixty-six year old woman was injured when she fell into a trench that had been created when the City hired an excavator to resurface the area between 54th and Vine Street. The excavator dug the trenches in the street and sidewalk and the water company did some work underground. When the water company finished, the Philadelphia Gas Works ("PGW") ordered that the excavator backfill the trenches with dirt and delay resurfacing until PGW completed its subsurface work. PGW then took over the site, set up its truck and equipment, and put up signs and barriers in the street and on the equipment before leaving for the day. The plaintiff was injured while walking home from a store when she stepped on one of the sidewalk trenches and the ground gave way. The court specifically found that PGW controlled the trench.

In this case, plaintiffs have not shown a genuine issue of material fact regarding who controlled either the freight car, or the catenary wires. I will therefore grant Norfolk Southern's motion for summary judgment as there are no genuine issues of material fact holding them liable under the plaintiffs' theories, i.e. a landowner's duty to a trespasser, § 339, or § 386.[2] An appropriate order follows.

---

[2] As described in the court's March 31, 2006, Memorandum, "under Pennsylvania law, the duty owed by a possessor of land to a trespasser is to refrain from willfully and wantonly injuring the trespasser." Klein, 2006 U.S. Dist. LEXIS 15331, at * 9 (E.D. Pa. 2006) (citing Rossino v. Kovacs, 718 A.2d 755, 756 (Pa. 1998)). Furthermore, § 339 of the RESTATEMENT (SECOND) OF TORTS only applies to the possessor of land. Klein, 2006 U.S. Dist. LEXIS 15331 at * 15-16. In this case, Norfolk Southern was not the possessor of the land and therefore cannot be held liable under either theory.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JEFFREY KLEIN,** | : | **CIVIL ACTION** |
| **BRETT BIRDWELL,** | : | |
| Plaintiffs | : | |
| | : | |
| v. | : | NO. 04-955 |
| | : | |
| **NATIONAL RAILROAD** | : | |
| **PASSENGER CORP.,** | : | |
| **NORFOLK SOUTHERN CORP.,** | : | |
| Defendants | : | |

## ORDER

**AND NOW**, this 13th day of July, 2006, it is hereby **ORDERED** that defendant Norfolk Southern's Motion for Summary Judgment (Document # 35) is **GRANTED**. Defendant Norfolk Southern is dismissed from this case.

BY THE COURT:


 s/ Lawrence F. Stengel
LAWRENCE F. STENGEL, J.