IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEFFREY KLEIN & BRETT BIRDWELL : | CIVIL ACTION |
| Plaintiffs, : | |
| : | |
| v. : | |
| : | |
| NATIONAL RAILROAD PASSENGER : | |
| CORPORATION : | |
| Defendant. : | NO. 04-955 |

**MEMORANDUM**

**STENGEL, J.**                                                                   August 16, 2006

     National Railroad Passenger Corporation (Amtrak) filed a Motion to Amend this Court's Order of April 3, 2006 to Include a Certification of a Portion of the Order for Interlocutory Appeal. Amtrak makes this request under 28 U.S.C. §1292(b) and Federal Rule of Appellate Procedure 5(a)(3).[1]

     Certification under §1292(b) is available in "exceptional cases where an immediate appeal may avoid protracted and expensive litigation." Citing Franklin Prescriptions, Inc. v. New York Times, Inc., 267 F.Supp. 2d 425 (E.D. Pa. 2003). Certification rests in the discretion of the District Court under §1292(b). Amtrak must establish "exceptional circumstances" to justify the certification of an issue for interlocutory appeal.

---

1. The Order denied Amtrak's Motion for Summary Judgment and was dated March 31, 2006. The Order was accompanied by a Memorandum also dated March 31, 2006. The Order and Memorandum were not docketed until April 3, 2006.

This cases involves severe injuries sustained by the two plaintiffs when they climbed on top of a railroad car and came in contact with catenary wires. The railroad car was owned by Norfolk Southern and the wires owned by Amtrak. The plaintiffs contend that Amtrak is liable for its "wanton" conduct. In denying Amtrak's Motion for Summary Judgment, I wrote in the March 31, 2006 Memorandum:

> In this case, the evidence presented by the plaintiffs makes it clear that catenary power lines present a grave danger to anyone who comes near them, that the parked and laddered freight car made it possible for individuals to come near the catenary line, and that the public in general is not likely to know about the dangers involved with the catenary lines. I find this evidence is sufficient to pose a genuine issue of material fact regarding whether Amtrak's actions were wanton in choosing to leave the freight cars under the energized lines for an extended period of time. A reasonable jury may conclude that Amtrak had sufficient warning of the possibility of the plaintiffs' peril given the frequency of trespassers reported in the area, and the prolonged time the cars sat on the tracks. I will deny Amtrak's Motion for Summary Judgment on this issue.

Klein v. Amtrak, No. 04-00955, 2006 U.S. Dist. Lexis 15331, at *11 (E.D. Pa. Apr. 3, 2006).

For purposes of interlocutory appeal, Amtrak in its petition identifies the issue as follows:

> Whether this Court correctly decided that a possessor of land may be liable to a trespasser for willful or wanton misconduct when the possessor lacks either actual knowledge or reason to know of the impending peril to the particular trespasser.

See National Railroad Passenger Corporation's Motion to Amend and the accompanying proposed Order

The proposed issue for appeal, as framed by Amtrak, misstates my decision and is inconsistent with existing Pennsylvania and Third Circuit law.

The Third Circuit has made clear that a finding of wanton conduct does not require "actual prior knowledge of the particular injured person's peril." Micromanolis v. Wood School, Inc., 989 F.2d 696, 701 (3d Cir. 1993). This issue had been addressed in an earlier case by the Pennsylvania Supreme Court which held that a defendant did not have to have "actual prior knowledge of the injured's person's peril" in Evans v. Philadelphia Transportation Company, 212 A.2d 440 (Pa. 1964). Certainly this is not a new issue.

The defendant Amtrak argues that no possessor of land owes any duty to any trespasser in any case under any circumstances and that, therefore, Amtrak cannot, as a matter of law, be responsible for wanton conduct or any other conduct. While there are elements of truth to aspects of Amtrak's argument, the Court is not prepared, at this point, to rule that there are no circumstances under which a reasonable jury may find Amtrak to have been "wanton" with respect to the risk posed by the freight car parked near catenary lines. Nor is the Court convinced by the apocalyptic statements by Amtrak's counsel that recognizing a possible basis for recovery in this action will completely change existing law and endanger the availability of rail transportation throughout the northeast corridor of the Amtrak system.

Simply put, while the plaintiffs may have a challenging task to meet the burden of proof at trial, there is a question of fact as to whether Amtrak's conduct was wanton under these circumstances. The case is not so clear as to entitle the defendant Amtrak to judgment as a matter of law on its motion. There is certainly no basis to ask the Court of Appeals to

consider a question of law which the Court of Appeals has addressed in an earlier case, and which, as framed by Amtrak, does not accurately state the decision of March 31, 2006 with which Amtrak is unhappy. The Motion to Certify will be DENIED.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEFFREY KLEIN & BRETT BIRDWELL | : | CIVIL ACTION |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| NATIONAL RAILROAD PASSENGER | : | |
| CORPORATION | : | |
| Defendant. | : | NO. 04-955 |

## ORDER

**AND NOW**, this 16th day of August, 2006, after oral argument on defendant's Motion to Amend this Court's Order of April 3, 2006 to Include a Certification of a Portion of the Order for Interlocutory Appeal (Doc. #62), and upon consideration of plaintiffs' Memorandum in Opposition to the motion, it is hereby **ORDERED** that the motion is **DENIED.**

BY THE COURT:


/s/ Lawrence F. Stengel
LAWRENCE F. STENGEL, J.