# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEFFREY KLEIN, et al., Plaintiffs | : | CIVIL ACTION |
| v. | : | NO. 04-955 |
| NATIONAL RAILROAD PASSENGER CORP., et al., Defendants | : | |



FILED
OCT 11 2006
MICHAEL E. KUNZ, Clerk
By _____ Dep. Clerk

## MEMORANDUM

STENGEL, J.                                                  October 11, 2006

On August 10, 2002, Jeffrey Klein and Brett Birdwell climbed on top of a laddered freight car owned by defendant Norfolk Southern Corporation ("Norfolk Southern") while it was parked for the weekend on a tail track owned by defendant National Railroad Passenger Corporation ("Amtrak") in Lancaster, Pennsylvania. Once atop the railcar, the two juveniles were severely burned by arcing electricity emanating from an energized catenary wire which ran long the tail track.

In preparation of the forthcoming jury trial, the parties filed several motions *in limine*. Two such motions require a thorough analysis. Defendants request that I preclude the plaintiffs from offering any evidence of prior trespasser electrical contacts, and that I limit the plaintiffs to offering only evidence of juvenile trespassers who trespassed within 150 yards of the site of the plaintiffs' accident. For the following reasons, I will deny both motions.

The admissibility of evidence ultimately turns on a balancing of its probative value

versus its prejudicial effect. Fed. R. Evid. 401, 402, 403. Under the rules, subject to certain limitations, all evidence is admissible if it is relevant, i.e., if it tends to make the existence or nonexistence of a disputed material fact more probable than it would be without that evidence. See Fed. R. Evid. 401, 402. A district court may nonetheless exclude relevant evidence if the probative value of the evidence is "substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. However, "there is a strong presumption that relevant evidence should be admitted, and thus for exclusion under Rule 403 to be justified, the probative value of evidence must be 'substantially outweighed' by the problems in admitting it." Coleman v. Home Depot, Inc., 306 F.3d 1333, 1343-1344 (3d Cir. 2002).

Defendants argue that the fact that others had trespassed in the past on various parts of Amtrak's property has no tendency to prove that defendants realized and disregarded the imminent danger to the plaintiffs in this case. Further, defendants cite testimony from witnesses who have never seen juveniles near where the plaintiffs were injured: a four-year resident of an apartment overlooking the site of the accident had never seen young men on the tracks or on the railcars; and a number of Lancaster area emergency personnel had never seen juveniles trespassing at the site of this accident. Thus, defendants contend, such evidence is irrelevant.

Defendants are correct that in order to be admissible other incidents would have to be similar to the incident here. However, during discovery, plaintiffs obtained from Amtrak's police department reports of trespasser sightings on or around the tracks within less than a mile in either direction of where plaintiffs were injured during the three-year period before the accident. There were 69 incidents and 33 of them involved 78 juveniles. Three reports of juveniles were within four-tenths of a mile of where plaintiffs were injured with at least one of them within one-tenth of a mile. Plaintiffs also cite testimony from firefighters and detectives who are aware of incidents involving kids in the vicinity of the incident.

Proof of trespassers is relevant to show wanton conduct, i.e., Amtrak is liable if it intentionally disregarded a known risk despite the high probability of harm.[1] The Third Circuit has made clear that a finding of wanton conduct does not require "actual prior knowledge of the particular injured person's peril." <u>Micromanolis v. Wood School, Inc.</u>, 989 F.2d 696, 701 (3d Cir. 1993); <u>see also</u> <u>Evans</u>, 212 A.2d at 443-44. Thus, for plaintiffs to prove liability, it is enough that defendants should have realized that putting the laddered Norfolk Southern car under the energized catenary line, in a densely populated mixed residential-commercial-industrial area, was an unreasonable act in

---

[1] "Wanton misconduct" occurs when an actor has intentionally done an act of an unreasonable character, in disregard of a risk known to him or so obvious that he must be taken to have been aware of it, and so great as to make it highly probable that harm would follow. It usually is accompanied by a conscious indifference to the consequences. <u>See</u> <u>Evans v. Philadelphia Transportation Co.</u>, 212 A.2d 440, 443 (Pa. 1964)

3

disregard of a known risk that would likely put someone in grave peril. Though a high burden at trial, plaintiffs should be given the opportunity to present evidence that the defendants had notice of previous trespassers on Amtrak's property, which defendants are free to counter.

Thus, I find that evidence of similar prior trespasser electrical contacts are relevant here, and that the probative value of such evidence is not substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. Defendants' motion to preclude the plaintiffs from offering any evidence of prior trespasser electrical contacts will be denied.

Next, limiting the plaintiffs to offering only evidence of juvenile trespassers who trespassed within 150 yards of the site of the plaintiffs' accident unfairly reduces the holding of a thirty-year-old decision of the Superior Court of Pennsylvania to arithmetic. In <u>Whigham v. Pyle</u>, 302 A.2d 498 (Pa. Super. 1973), the defendant owned a 45 acre tract of undeveloped land where children played with defendant's knowledge and without his objection. The activity was usually contained to the same field. One day, a child went 150 yards beyond the field and was injured on a steel rod. In finding the defendant not liable for the injury, the Superior Court of Pennsylvania held, "Where the undisputed evidence indicates that the area of the artificial condition was some 150 yards from the area of usual child trespass and where there was no evidence of even an occasional past childish frolic into the area

in question, the requirements of Section 339 of the Restatement have not been met."[2] Id. at 501. This holding was clearly not intended to be the general proposition for all future trespass actions. In Whigham, the artificial condition happened to be 150 yards from the field where the children usually played with the landowner's knowledge. The precise arithmetical distance from the known area of trespass to the location of the injury is not

---

[2] Section 339 of the Restatement (Second) of Torts is an exception to the general rule that no duty is owed to trespassers but to refrain from willful and wanton misconduct. It provides:

> A possessor of land is subject to liability for physical harm to children trespassing thereon caused by an artificial condition upon the land if
>
> (a) the place where the condition exists is one upon which the possessor knows or has reason to know that children are likely to trespass, and
>
> (b) the condition is one of which the possessor knows or has reason to know and which he realizes or should realize will involve an unreasonable risk of death or serious bodily harm to such children, and
>
> (c) the children because of their youth do not discover the condition or realize the risk involved in intermeddling with it or in coming within the area made dangerous by it, and
>
> (d) the utility to the possessor of maintaining the condition and the burden of eliminating the danger are slight as compared with the risk to children involved, and
>
> (e) the possessor fails to exercise reasonable care to eliminate the danger or otherwise to protect the children.

Restatement (Second) of Torts § 339 (1965).

controlling. The court reasoned that a child who is permitted to enter one part of a parcel of land becomes a trespasser if he enters another part of that land, and in that instance the possessor of land owes no higher duty to a child trespasser than he owes to an adult trespasser. Id.

Thus, contrary to the defendants' assertion, under § 339(a), the plaintiffs must prove that the place where the condition exists is one upon which the possessor of land knows or has reason to know that children are likely to trespass. According to the Comments to the Restatement, the possessor of land is under no duty to make any investigation or inquiry as to whether children are trespassing, or are likely to trespass, until he is notified, or otherwise receives information, which would lead a reasonable man to that conclusion. See Comment (g) to the Restatement (Second) of Torts § 339 (1965).

Thus, defendants' motion to limit the plaintiffs to offering evidence of only juvenile trespassers who trespassed within 150 yards of the site of plaintiffs' accident will be denied.

An appropriate Order follows.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEFFREY KLEIN, et al., Plaintiffs | CIVIL ACTION |
| v. | NO. 04-955 |
| NATIONAL PASSENGER RAILROAD CORPORATION, a/k/a AMTRAK, et al., Defendants | |

FILED OCT 11 2006 MICHAEL E. KUNZ, Clerk By ___ Dep. Clerk

## ORDER

STENGEL, J.

AND NOW, this 11th day of October, 2006, upon consideration of defendants' motion in limine to preclude plaintiffs from offering any evidence regarding, or making reference to, prior trespasser electrical contacts (Document #88), and plaintiffs' response thereto (Document #100), it is hereby ORDERED that the motion is DENIED.

IT IS FURTHER ORDERED that defendants' motion in limine to limit plaintiffs to offering evidence of only juvenile trespassers who trespassed within 150 yards of the site of plaintiffs' accident (Document #85) is DENIED.

BY THE COURT:

_____
LAWRENCE F. STENGEL, J.